## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHARON PAYEUR, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>-against-<br><br><br>HOWARD LEE SCHIFF, P.C., and PORTFOLIO RECOVERY ASSOCIATES,<br><br>*Defendants.* | Civil Case Number:<br><br><br>__CIVIL ACTION__<br><br>__CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL__ |

Plaintiff SHARON PAYEUR (hereinafter, "Plaintiff"), a Maine resident, brings this class action complaint by and through his undersigned attorneys, against Defendants HOWARD LEE SCHIFF, P.C., and PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Maine consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of Maine, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant Howard Lee Schiff, P.C. is a collection agency with its principal office at 510 Tolland Street, East Hartford, CT 06128.

11. Defendant Portfolio Recovery Associates, LLC is a collection agency with its principal office located at 120 Corporate Boulevard, Norfolk, Virginia 23502 and its registered agent, Corporation Service Company, located at 1111 East Main Street, Richmond, Virginia 23219.

12. Upon information and belief, Defendant Howard Lee Schiff, P.C. is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

13. Defendant Howard Lee Schiff, P.C. is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

14. Upon information and belief, Defendant Portfolio Recovery Associates, LLC is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

15. Defendant Portfolio Recovery Associates, LLC is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

16. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter

"FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the state of Maine b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to or allegedly owed to Portfolio Recovery Associates, d) that states "If you notify our firm in writing within thirty (30) days of receiving this letter that the debt, or any portion thereof, is disputed, or if you request the name and address of the original creditor, our firm shall cease collection of the debt and the debt will be verified within 30 days of such request at no cost to you.  You will be provided verification of the debt or a copy of a judgment against you, if any and the name and address of the original creditor, if different from the original creditor.  If you do not dispute the debt or any portion thereof in writing within thirty (30) days of receiving this letter, our firm will assume that the debt is valid and collection efforts will recommence." (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

17. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

18. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

19. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The

principal issue is whether the Defendants' written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §1692e and 1692g.

20. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

21. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

22. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)    **<u>Numerosity:</u>** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b)    **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. § 1692e and 1692g.

    (c)    **<u>Typicality:</u>** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

23. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **ALLEGATIONS OF FACT**

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

26. Some time prior to May 22, 2017, an obligation was allegedly incurred to Citibank, N.A. ("Citi").

27. The Citi obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

28. The alleged Citi obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

29. Citi is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

30. Defendant contends that the Citi debt is past due.

31. Defendant Howard Lee Schiff, P.C. ("Schiff") is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

32. Defendant Portfolio Recovery Associates, LLC ("PRA") is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

33. Some time prior to May 22, 2017, the Citi debt was sold to or assigned to PRA.

34.  PRA directly, or through an intermediary, contracted the Schiff to collect the alleged debt.

35. On or about May 22, 2017, Defendant Schiff caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged Citi debt. *See* **Exhibit A.**

36. Upon information and belief, the May 22, 2017 letter was the first communication between the Schiff and Plaintiff regarding the Citi debt.

37. The May 22, 2017 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

38. The May 22, 2017 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

39. The Plaintiff received and read the Letter sometime after May 22, 2017.

40. The Letter stated in part:

"CURRENT BALANCE DUE: $893.73"

41. The Letter further stated:

"If you notify our firm in writing within thirty (30) days of receiving this letter that the debt, or any portion thereof, is disputed, or if you request the name and address of the original creditor, our firm shall cease collection of the debt and the debt will be verified within 30 days of such request at no cost to you.  You will be provided verification of the debt or a copy of a judgment against you, if any and the name and address of the original creditor, if different from the original creditor.  If you do not dispute the debt or any portion thereof in writing within thirty (30) days of receiving this letter, our firm will assume that the debt is valid and collection efforts will recommence."

42. Upon reading the notice, the Plaintiff, as would any least sophisticated consumer, believed that the only legally effective way to dispute the debt was to do so in writing.

43. Pursuant to 15 U.S.C. §1692g(a)(3) a debt collector must within five days after the initial communication, send the consumer a written notice containing a statement that if the consumer notifies the debt collector within 30 days after receiving the notice that the

consumer disputes the validity of the debt or any portion thereof, the debt collector will assume the debt is valid.

44. Pursuant to 15 U.S.C. §1692g(a)(3), a consumer may dispute the debt, or any portion thereof, over the phone.

45. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson*, 225 F.3d at 354, <u>citing</u> *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

46. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

47. The rights afforded to consumers under Section 1692g are amongst the most powerful protections provided by the FDCPA.

48. By providing an inaccurate validation notice, the Defendant caused the Plaintiff real harm.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

51. The Defendant violated said provision by failing to accurately convey the validation notice in violation of 1692g(a)(3).

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

55. Pursuant to 1692e, a debt collector may not use any false, deceptive or misleading representation in connection with the collection of a debt.

56. The Defendant violated said section by falsely stating that the Plaintiff could only legally dispute said debt in writing in violation of 15 U.S.C. § 1692e(10).

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b)   Awarding Plaintiff and the Class statutory damages;

(c)   Awarding Plaintiff and the Class actual damages;

(d)   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees

and expenses;

      (e)      Awarding pre-judgment interest and post-judgment interest; and

      (f)      Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated:  May 21, 2018

                   /s/ Terrie Harman
                   Terrie Harman , ME Bar #1564
                   HARMAN LAW OFFICES
                   129 Water Street
                   P.O. Box 309
                   Exeter, NH 03833
                   (603) 431-0666
                   th@tharman.net
                   *Attorneys for Plaintiff*

                   **PRO HAC VICE APPLICATION PENDING**
                   Ari Marcus, Esq.
                   MARCUS & ZELMAN, LLC
                   701 Cookman Avenue, Suite 300
                   Asbury Park, New Jersey 07712
                   (732) 695-3282
                   ari@marcuszelman.com
                   *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated:  May 21, 2018

            By:     /s/ Terrie Harman
                   Terrie Harman