UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHARON PAYEUR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOWARD LEE SCHIFF, P.C., and PORTFOLIO RECOVERY ASSOCIATES,<br><br>Defendants. | No. 2:18-cv-00205-JAW |

**ORDER DISMISSING CLAIMS AGAINST PORTFOLIO RECOVERY ASSOCIATES**

On May 21, 2018, on behalf of herself and others similarly situated, Sharon Payeur filed a class action complaint in this Court against Howard Lee Schiff, P.C. and Portfolio Recovery Associates. *Class Action Compl.* (ECF No. 1). The Complaint contained two counts, one alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692g, *et seq.*, and a second alleging violations of the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692e, *et seq.*; the Plaintiff posited these two counts against both Defendants. *Id.* at 9-11. On April 4, 2019, the parties filed a Stipulation of Dismissal and proposed Dismissal Order, requesting that the Court dismiss only Portfolio Recovery Associates as a party Defendant, leaving Howard Lee Schiff, P.C. as the remaining Defendant. *Stip. of Dismissal* (ECF No. 54); Attach. 1, *Dismissal Order* (ECF No. 54).

"There is some controversy whether a motion to eliminate a party should be filed under Rule 21 or Rule 41." *Sea Salt, LLC v. Bellerose*, 2:18-cv-00413-JAW, 2019

U.S. Dist. LEXIS 17124, at *2 (D. Me. Feb. 4, 2019) (quoting *Miller v. Thayer Corp.*, 2:10-cv-00308-JAW, 2011 U.S. Dist. LEXIS 83752, at *1 (D. Me. Jul. 29, 2011)). *Compare Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953) ("Rule 21 provides that 'Parties may be dropped or added by order of the court on motion . . . and we think this rule is the one under which any action to eliminate Reynolds as a party should be taken"), *with Leroux v. Lomas & Nettleton Co.*, 626 F. Supp. 962, 965-67 (D. Mass. 1986). "The better view is that either rule is appropriate since under either Rule, the motion is subject to the discretion of the court." *Miller*, 2011 U.S. Dist. LEXIS 83752, at *2 (citing 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1684 (3d ed. 2001)) ("The distinction between the two rules is a purely technical one, however, and if a party mistakenly moved under Rule 41 to remedy misjoinder, the motion should be treated as if it had been made under Rule 21").

Based on the Stipulation of Dismissal signed by all parties and filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or based on the Court's alterative treatment of the stipulation as being a motion to drop a party under Federal Rule of Civil Procedure 21, the Court DISMISSES with prejudice all claims asserted against Defendant Portfolio Recovery Associates. In further accordance with the stipulation of the parties, the Court ORDERS that all parties shall bear their own attorneys' fees and costs in this action.

SO ORDERED.

                                                            /s/ John A. Woodcock, Jr.
                                                            JOHN A. WOODCOCK, JR.
                                                            UNITED STATES DISTRICT JUDGE

Dated this 5th day of April, 2019